Filing # 58683246 E-Filed 07/06/2017 04:45:04 PM

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY,
FLORIDA

CORVETTE WILLIAMS,

    Plaintiff,      Case No.: 2017-CA-02346
             Division: CV-G

v.

SHANDS JACKSONVILLE
MEDICAL CENTER, INC.

    Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

   Plaintiff, Corvette Williams, sues Defendant, Shands Jacksonville
Medical Center, Inc., and alleges:

   1.  This is a suit for damages and injunctive relief under the Family
and Medical Leave Act (FMLA), 29 U.S.C. §2601, the Florida Civil Rights
Act of 1992, Fla. Stat. Chapter 760 *et. seq.* and the Rehabilitation Act of
1973, 29 U.S.C. § 794 *et. seq.* brought to remedy unlawful retaliation and/or
unlawful interference and/or employment discrimination based on disability.

1

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 07/07/2017 09:28:46 AM

## JURISDICTION

2.     This is an action for damages in excess of $15,000.00, exclusive of prejudgment interest, costs, reasonable attorney fees and injunctive relief.

## PARTIES

3.     Plaintiff, Corvette Williams, is a female citizen of the United States and was employed with Defendant.

4.     Defendant, Shands Jacksonville Medical Center, Inc. is a Florida Corporation doing business in Duval County, Florida.

## CONDITIONS PRECEDENT

5.     Plaintiff complied with all conditions precedent to filing of this claim required by the Florida Civil Rights Act of 1992. A timely charge of discrimination was filed with the Florida Commission on Human Relations (FCHR) within 365 days of the discriminatory acts complained of herein. The charge of discrimination was pending more than 180 days without determination made by the FCHR. This action was filed within four years of the discriminatory acts.

2

## STATEMENT OF THE FACTS

6.     Plaintiff was employed as a CNA with Defendant in Jacksonville, Florida, from on or about 2010 until Defendant's unlawful termination of her employment on April 17, 2015.

7.     Plaintif's son has disabilities, i.e. asthma, and Defendant was aware of his medical condition.

8.     Plaintiff requested and was approved for leave under the Family and Medical Leave Act (FMLA) to care for her son.

9.     Whenever Plaintiff used FMLA leave, Defendant denied her the opportunity to work additional days to make up for her absences.  Other employees were allowed to work additional days to make up for their call-outs.

10.    On April 17, 2015, Defendant terminated Plaintiff's employment.  Defendant informed Plaintiff that she was terminated because she failed to complete in-house training even though the deadline to do so had been extended.

11.    Defendant's reasons for terminating Plaintiff's employment were false and pretextual.

3

12.     Moreover, Defendant treated Plaintiff differently than other employees who were not on FMLA leave and/or had to care for a disabled child.

## COUNT I

### UNLAWFUL RETALIATION AND/OR INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 *ET SEQ.*

13.     Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 12.

14.     At all material times, Defendant employed 50 or more workers within a 75 mile radius.  Plaintiff was also employed within that 75 mile radius, had worked for the Defendant for at least 12 months, and had worked at least 1250 hours within the 12 months preceding her termination.  Plaintiff is therefore eligible for FMLA coverage.

15.     Before Defendant's termination of Plaintiff's employment, Plaintiff asserted her rights under the FMLA.

16.     The fact that Plaintiff asserted her FMLA rights was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

17.    This conduct was in retaliation for Plaintiff's request for leave under the FMLA and/or in order to interfere with Plaintiff's exercise of rights pursuant to the FMLA.

18.    With regard to the unlawful retaliation and interference described above, Defendant acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

19.    As a result of the above actions, Plaintiff has suffered damages.

20.    Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services herein.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable, and relief against the Defendant in the form of economic damages, back pay and front pay, equitable relief, reinstatement, prejudgment interest, attorney's fees and costs, liquidated damages and any other such relief that the Court deems just and proper.

## COUNT II

### UNLAWFUL HANDICAP DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, § 760.01 FLORIDA STATUTE *ET. SEQ.*

21.    Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 12.

22.    Defendant's decision to terminate Plaintiff's employment was based on Plaintiff's association and familial relationship with her son because of her son's handicap, his history of having such handicap and/or being perceived as having a handicap.

23.    The discrimination described above was done maliciously and in violation of Plaintiff's rights under Florida law.

24.    As a result, Plaintiff has suffered damages, and has had to retain the undersigned counsel and will continue to incur fees and costs.

25.    As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

26.    Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and

6

costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT III

### UNLAWFUL DISCRIMINATION BASED ON HANDICAP DISABILITY, IN VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. §794 *ET. SEQ.*

27.    Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 12.

28.    Defendant is an employer within the meaning of the Rehabilitation Act.  At all material times, Defendant has been receiving federal funds such that it is bound by the prohibition of disability discrimination in the Rehabilitation Act.

29.    Defendant's decision to terminate Plaintiff's employment was based on Plaintiff's association and familial relationship with her son because of her son's handicap, his history of having such handicap and/or being perceived as having a handicap.

30.    The discrimination described above was done maliciously and in violation of Plaintiff's rights under Florida law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

7

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161  (telephone)
(904) 725-3410  (facsimile)

_____

Leonard S. Magid
Florida Bar No. 0717101
len@magidwilliams.com
P. Daniel Williams
Florida Bar No. 0036625
dan@magidwilliams.com
Attorneys for Plaintiff